UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH GARLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:23-cv-00530-JMS-MJD ) |
| INDIANA DEPARTMENT OF CORRECTION, COMMISSIONER OF THE INDIANA DEPARTMENT OF CORRECTION, | ) ) ) ) |
| Defendants. | ) ) |

**Entry Addressing Motion for Summary Judgment
and Directing Entry of Final Judgment**

In this case, Plaintiff Kenneth Garland challenges the Indiana Department of Correction ("IDOC") policy requiring that all personal correspondence be photocopied and that only the photocopies be distributed to inmates. Dkts. 8, 19. He pursues official capacity claims against the IDOC and the IDOC's Commissioner for injunctive relief.[1] Defendants move for summary judgment arguing that Mr. Garland failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons stated below, Mr. Garland's release from prison means that this case is likely moot and, regardless, Defendants are entitled to summary judgment on the issue of exhaustion. Accordingly, their motion for summary judgment, dkt. [40], is **granted**, and this case is **dismissed**.

---

[1] The claims being litigated in this case were severed from Case No. 1:20-cv-01540-JRS-KMB. As stated in the screening order in that case, Mr. Garland is pursuing official claims for injunctive relief only. *Id.*, dkt. 23 at 4; *see also id.*, dkt. 85.

# I.
# Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Garland failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see also* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for

summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

When this lawsuit commenced, Mr. Garland was incarcerated in an IDOC prison. At all relevant times, the IDOC has maintained grievance process by which inmates may file grievances about multiple issues, including raising challenges to IDOC policies. Dkt. 40-1 at 2–3; dkt. 40-2 at 3; dkt. 40-3 at 3; dkt. 40-4 at 3.[2]

The grievance process consists of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. Dkt. 40-2 at 3; dkt. 40-3 at 3; dkt. 40-4 at 3. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. Dkt. 40-1 at 3–5. As relevant here, the policy states:

> Appeals must address the basic matter of the grievance. The appeal may contain additional facts or information regarding the original issue and may raise concerns regarding the response from the previous level, but it shall not raise new or unrelated issues.

Dkt. 40-2 at 12; dkt. 40-3 at 12; dkt. 40-4 at 12.

In this case, Mr. Garland is challenging IDOC Policy 20-30, which requires that all personal correspondence be photocopied and that inmates receive only photocopies of such correspondence, not the originals. *See* dkt. 8; dkt. 8-1. Mr. Garland filed two grievances complaining about the photocopying of his correspondence.

---

[2] The claims being litigated in this case originated in a case filed in 2020. The policy in place at that time is in the record as dkt. 40-2. In April 2020, the policy was amended. The amended policy is in the record as dkt. 40-3. The policy was amended again in September 20202, and that policy is in the record as dkt. 40-4. For purposes of this Order, the terms of the policies are the same. The Court provides citations to the relevant portions of all three policies.

The first one read:

> On 10/5/21 I received 16 pictures in 3 envelopes from "The Inmate Connection, P.O. Box 325, Windsor, CO 80550", all postmarked 27 SEP 2021. The pictures were copied too dark and I wrote the mailroom on 10/5 to ask for legible copies, per policy, and to have the original pictures sent to Ms. Winningham, Grievance Officer, to be held with all other items in Cause No. 1:20-cv-01540-JRS-DML. I received no response.

Dkt. 40-6 at 7. He asked for the following relief:

1. Re-copy the images in a lighter tone so the content is visible.
2. Remove the pictures from the destruction file, per policy, and hold them with all other items being held for Cause No. 1:20-cv-01540-JRS-DML.

*Id.*

The second one read:

> I received on 11/8/21 another batch of pictures, 5, from: The Inmate Connection, PO Box 325, Windsor, CO 80550, that were too dark and reduced in size to approx.. 2 ½ x 4 inches. (post dates 18 OCT 2021)
>
> I have asked the mailroom to recopy and to send all originals to Ms. Winningham in the Grievance Office to hold with all other items in Cause No. 1:20-cv-01540-JRS-DML.
>
> *This is an additional, separate grievance for a separate mail item received on a different day from the items listed in LOG # 134117 and the as yet unlogged grievance filed 11/4/21./134117 is for items postmarked 27 SEPT 2021, 11/4/21 grievance for items postmarked 17 OCT 2021.

Dkt. 40-7 at 9. He asked for the following relief:

1. Follow up with mailroom to ensure they recopy the photos in original size and reduced darkness,
2. Please hold these photos along with all other items being held in Cause No. 1:20-cv-01540-JRS-DML.

*Id.*

He received responses to his grievances that addressed the specific photocopying problems about which he was complaining. Dkt. 40-6 at 1; dkt. 40-7 at 8. In his first-level appeal of the response to the first grievance, he stated that he was also arguing that the materials should not be

4

copied and that he should receive originals. Dkt. 40-6 at 3. In response, the warden/designee told Mr. Garland that he had not raised that issue in his original grievance. Dkt. 40-6 at 3. In his second-level appeal, Mr. Garland wrote, "Yes I did. Read the grievance!" *Id.*

### III. Discussion

#### A. Mootness

Before the Court addresses the merits of Defendants' exhaustion arguments, it raises a jurisdictional issue: Mr. Garland has now been released from prison. Dkt. 39. But he is pursuing claims for injunctive relief only, and there is no indication that the IDOC's photocopying policy will harm him in the future. That is, it does not appear that there is currently a case or controversy between the parties, and it appears that the Court cannot offer Mr. Garland any effective relief in this case. As a result, the Court likely lacks jurisdiction over this case because it is moot. *See Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir.2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."); *Henderson v. Sheahan,* 196 F.3d 839, 843 n. 1 (7th Cir.1999); *Young v. Lane,* 922 F.2d 370, 373 (7th Cir.1991) ("The plaintiffs . . . , by virtue of their transfers, are no longer incarcerated at [the prison]. Unaccompanied by any continuing, present injury or real and immediate threat of repeated injury, their past exposure to illegal conduct at [the prison] does not show a pending case or controversy regarding injunctive relief . . . and we must vacate as moot that portion of their prayer for relief."). Any dismissal on mootness grounds is necessarily without prejudice. *See Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013)

(dismissal for mootness is jurisdictional and dismissal for lack of jurisdiction cannot be with prejudice).

## B. Exhaustion

Even if Mr. Garland's claims are not moot, they must also be dismissed without prejudice because he failed to exhaust his administrative remedies with respect to the claims at issue in this suit. The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "Because exhaustion is an affirmative defense," Defendants must show that "an administrative remedy was available and that [Mr. Garland] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

Defendants have met their burden of proving that Mr. Garland "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed evidence shows that Mr. Garland was aware of the grievance process and that the only grievances he filed about the IDOC's photocopying of his correspondence were grievances about specific problems with specific photocopies he received—that the copies were too light and smaller than the

originals. That is, he never put the IDOC on notice that he was complaining about the fact that the materials were photocopied at all or that he was challenging the policy of photocopying correspondence.[3] He complained about the fact that his materials were photocopied in his appeal of his first grievance, but the IDOC's policy prohibits inmates from raising new issues in appeals, and the Seventh Circuit requires strict compliance with a prison's grievance procedures. Mr. Garland has not designated evidence showing that he ever challenged the general practice of photocopying correspondence in an original grievance. Indeed, Mr. Garland has not responded to Defendants' motion at all or otherwise identified a genuine issue of material fact supported by admissible evidence that counters the facts established by Defendants.

In short, Mr. Garland did not complete the available administrative process as required before filing this lawsuit. *See Peters v. Baldwin*, No. 3:17-cv-852-MAB, 2020 WL 3840501, at *8 (S.D. Ill. July 8, 2020) (granting summary judgment on exhaustion grounds where plaintiff complained that meal trays were not being delivered to his cell, not about policy of delivering trays to cells of disabled inmates; reasoning that grievance about application of policy cannot be read to encompass complaint about policy itself). The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendants must be dismissed without prejudice. *Id.*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

---

[3] The Court recognizes that, in his grievances, Mr. Garland asked that the photocopies be set aside in connection with his other lawsuit. But the grievances did not state why he wanted the photocopies to be set aside. As a result, and absent any argument from Mr. Garland in response to the summary judgment motion, the Court finds that the requests to have the photocopies set aside did not put the IDOC on notice that he was complaining about the policy itself or give it a fair opportunity to respond to such complaint. *See Hacker v. Dart*, 62 F.4th 1073, 1084 (7th Cir. 2023) (deaf inmate did not exhaust administrative remedies as to complaint about access to medication where grievance only challenged lack of access to listening device; grievance did not include any facts suggesting that reason inmate wanted listening device was because he could not hear medical staff calling his name when dispensing medication or otherwise suggest there was problem with receiving medication).

7

## IV. Conclusion

As stated above, Mr. Garland's claims are almost certainly moot. And, even if they are not moot, they are due to be dismissed because he failed to exhaust his administrative remedies as to those claims. Either reason for dismissal will result in a dismissal without prejudice. Accordingly, Defendants' unopposed motion for summary judgment, dkt. [40], is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 12/30/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH GARLAND
459 Briarwood Lane
Bedford, IN 47421

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov

Abigail Davis
Office of Indiana Attorney General
abigail.davis@atg.in.gov